# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MATHEW E. SANCHEZ, a single person,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON; WASHINGTON STATE PATROL; CARLOS RODRIGUEZ, in his individual and official capacities; MAURICE RINCON, in his individual and official capacities; KATHRYN CHOVIL-PETERSON, in her individual and official capacities; BARRETT CHING, in his individual and official capacities; DARRELL NOYES, in his individual and official capacities; TRAVIS CALTON, in his individual and official capacities; JENNIFER WILCOX, in his individual and official capacities; WILLIAM STEEN, in his individual and official capacities; KALEB MILLER, in his individual and official capacities; MICHAEL PEASE, in his individual and official capacities; OPERATION UNDERGROUND RAILOUND, INC., a foreign non-profit corporation, KITSAP COUNTY, a municipality and subdivision of the State of Washington, and COREEN SCHNEPF, former Kitsap County Deputy Prosecutor, in his individual and official capacities; JOHN DOE AND JANE DOE 1-10, et.al.<br><br>    Defendants. | NO. 3:21-cv-5915<br><br>STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>**AND JURY DEMAND** |

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES    1    ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

The State of Washington through its Washington State Patrol, Carlos Rodriguez, Maurice Rincon, Kathryn Chovil-Peterson, Barrett Ching, Darrel Noyes, Travis Carlton, Jennifer Wilcox, William Steen, Kaleb Miller and Michael Pease (hereinafter State Patrol), answer to Plaintiff's Complaint, admits, denies and alleges as follows:

## I.    INTRODUCTION

1.1    The State Patrol is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

1.2    The State Patrol admits it is a member of the Missing and Exploited Children's Task Force (MECTF) and has conducted "Net Nanny Operations" throughout the State. The MECTF identifies and arrests individuals who illegally seek to engage in predatory sexual acts with minor boys and girls. Because of MECTF and the Net Nanny Operations efforts, numerous sexual predators have been arrested and convicted. The remainder of this paragraph is denied.

1.3    To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same. To the extent the allegations are directed toward another Defendant, no response is required.

1.4    The State Patrol incorporates its response to paragraph 1.2 and denies the remaining allegations in this paragraph.

1.5    The State Patrol incorporates its response to paragraphs 1.2 and 1.4, and denies the remaining allegations in this paragraph.

1.6    To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol incorporates its response to paragraph 1.2 and admits that Mr. Sanchez was lawfully arrested on July 29, 2019. The State Patrol also admits that Mr. Sanchez responded to a profile, created by the Net Nanny Operation, in an attempt to engage in sexual acts with a 13-year old girl. To the extent the allegations contain legal conclusions or are directed toward another

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Defendant, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

1.7 To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

1.8 The State Patrol admits a motion for dismissal of charges against Mr. Sanchez was brought by the Kitsap County Prosecutor's Office and on February 3, 2021, Kitsap County Superior Court Judge Michelle Adams dismissed without prejudice three criminal charges against Mr. Sanchez. The remainder of this paragraph is denied.

## II. JURISDICTION & VENUE

The State Patrol incorporates its responses to paragraphs 1.1 through 1.8.

2.1 The allegations in this paragraph contain legal conclusions, to which no response is required. In the event a response is required, the State Patrol denies the same.

2.2 The State Patrol is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

2.3 The State Patrol admits.

2.4 Mr. Sanchez was lawfully arrested in Kitsap County. To the extent the allegations contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

2.5 On or about September 29. 2021, Mr. Sanchez filed a Standard Tort Claim Form with the Department of Enterprise Services, Office of Risk Management.

2.6 To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol is without knowledge or information sufficient to form a belief as to the

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

truth of the allegations contained in this paragraph and, therefore, denies the same.

2.7     The allegations in this paragraph contain legal conclusions, to which no response is required.

2.8     The State Patrol incorporates its response to paragraph 2.4. To the extent the allegations contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

2.9     Mr. Sanchez filed his Complaint with the Thurston County Superior Court. The remainder of this paragraph is denied.

### III.     PARTIES

The State Patrol incorporates its responses to paragraphs 1.1 through 2.9.

3.1     The State Patrol is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, denies the same.

3.2     The State Patrol is a statutorily created law enforcement agency that enforces the laws of the State of Washington. To the extent that this paragraph suggests otherwise, it is denied.

3.3     The State Patrol admits as to Carlos Rodriguez (not Carlos Rodriquez as misspelled in the Complaint).

3.4 – 3.12     The State Patrol admits the allegations contained in these paragraphs.

3.13 – 3.15     The allegations in these paragraphs are directed to a different Defendant or contain legal conclusions and thus, no answer is required. To the extent, an answer is required, the State Patrol incorporates its response to paragraph 1.2.

3.16     The allegations in paragraph 3.16 contain legal conclusions, to which no response is required. If a response is required, the State Patrol denies the allegations in this paragraph.

3.17     The allegations in paragraph 3.17 contain legal conclusions, to which no response is required. If a response is required, the State Patrol denies the allegations in this paragraph.

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## IV.   FACTS

The State Patrol incorporates its responses to paragraphs 1.1 through 3.17.

4.1     The State Patrol admits that it created a profile under the username "Anna Jenkins" posing as a 13-year old girl on the social media application, MeetMe. MeetMe is used by persons to sexually exploit children. The profile stated Anna Jenkins's age as 29; however, the profile provided obvious clues about the minor's age. For example, Anna Jenkins' profile included two pictures of a teenage-appearing girl. In the About Me section of the profile, it stated, "teenieweeniethirteenie." In one picture of the profile, the teenage-appearing girl held a Bang energy drink can, which do not have any age restrictions to purchase. On July 28, 2019, Mr. Sanchez contacted the profile of Anna Jenkins, where messages between the two further demonstrated that Mr. Sanchez believed he was communicating with a 13-year-old girl. The State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

4.2     Mr. Sanchez had a MeetMe profile under the username "Papii." Mr. Sanchez's profile indicated he was from either Tacoma or Spanaway and included two photos of himself. The State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

4.3     The State Patrol, through the profile of Anna Jenkins, asked Mr. Sanchez "How old r u fr [for real]" to which Mr. Sanchez replied "Haha I'm 25 now wbu [what about you?]" Anna Jenkins replied: "Don't get mad. I'm 13. Ur [sic] almost 14 and act way older I pretty much raised me and my sister on my own." Mr. Sanchez then replied, "Damn your young cute af [as fuck] but young I wouldn't wanna take advantage of you or have you feel that way if we actually hung out ya know? Like I know how it is we can be friends [blushing emoji] I'm not mad." Anna Jenkins replied with a phone number to text her at and said "K HMU [hit me up] . . . I can handle my own trust me [laughing emoji face]." Mr. Sanchez replied in part "I don't doubt that at all beautiful

STATE PATROL'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

[blushing emoji face]." The State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

  4.4  The State Patrol incorporates its response to paragraph 4.3. The remaining allegations in this paragraph are denied.

  4.5  The State Patrol incorporates its response to paragraph 4.3. The remaining allegations in this paragraph are denied.

  4.6  Neither the profile of Anna Jenkins nor Mr. Sanchez discussed BDSM/DDLG or KINK as part of their conversations. The remaining allegations in this paragraph are denied. The State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs, and therefore, denies the same.

  4.6  Mr. Sanchez and Anna Jenkins moved their conversation from the MeetMe application to text messages. Over text messages, Mr. Sanchez, among other communications, texted Anna Jenkins: "how does my sitting you on my lap and feeling 9 hard long inches sound [devil smiling emoji] maybe I'll lick my tongue ring down on you hehe" and "I bet I could pick you up and set you on my face [eye roll emoji] [winky face emoji]." The State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

  4.7  Mr. Sanchez and Anna Jenkins agreed to bring in another 13-year old girl to participate in sexual acts. Mr. Sanchez agreed to pay $40 to have sex with both 13-year old girls. On July 29, 2019, when Mr. Sanchez came to a predetermined location with the intent of having sex with the 13-year old girls, he was arrested and over $40 was found on his person as part of Net Nanny Operation #16. The State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

  4.8  Denied.

  4.9  The State Patrol incorporates its responses to paragraphs 1.2, 4.1, 4.2., 4.3, 4.6,

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES   6   ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

and 4.7 and denies the remaining allegations in this paragraph.

4.10    The State Patrol admits that Detective Sergeant Rodriguez helped develop and operate the Net Nanny Operations in Washington. The first operation took place in 2015. To the extent something else is alleged in this paragraph, it is denied.

4.11    The State Patrol admits that Carlos Rodriguez, Travis Calton, Kathryn Chovil-Peterson, Jennifer Wilcox, Barret Ching, Darrell Noyes, William Steen, Michael Pease, Kaleb Miller were part of METCF. The remaining allegations in this paragraph are denied.

4.11    Denied.

4.12    The State Patrol incorporates its response to paragraph 1.2 and denies the remaining allegations in this paragraph.

4.13    To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol incorporates its response to paragraph 1.2, 4.1, 4.2., 4.3, 4.6, and 4.7 and denies the remaining allegations in this paragraph. To the extent the allegations are directed toward another Defendant or contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

4.14    To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol incorporates its response to paragraph 1.2, asserts that its publications speak for themselves, and denies the remaining allegations in this paragraph. To the extent the allegations are directed toward another Defendant or contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

4.15    To the extent the allegations in this paragraph are directed towards the State Patrol, the State Patrol incorporates its response to paragraphs 1.2, 4.1, 4.2., 4.3, 4.6, and 4.7 and denies the remaining allegations in this paragraph. To the extent the allegations are directed

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES        7        ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

toward another Defendant or contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. To the extent that Mr. Sanchez portrays his own actions it is denied.

4.16   To the extent the allegations contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore, denies the same.

4.17 – 4.19   To the extent the allegations in these paragraphs are directed towards the State Patrol, the State Patrol incorporates its response to paragraph 1.2 and denies the remaining allegations in this paragraph. To the extent the allegations are directed toward another Defendant or contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

4.20   On or about July 29, 2019, Mr. Sanchez was booked into the Kitsap County Jail. To the extent the allegations are directed toward another Defendant or contain legal conclusions, no response is required. If a response is required, the State Patrol is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

## V.   FIRST CLAIM FOR RELIEF
**(42 U.S.C. § 1983 – Illegal Seizure and Arrest and Monell claims)**

The State Patrol incorporates its responses to paragraphs 1.1 through 4.20.

5.1 – 5.3   The allegations in these paragraphs contain legal conclusions or are directed to other Defendants to which no response is required. To the extent these paragraphs are directed at the State Patrol, they are denied.

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## VI. SECOND CLAIM FOR RELIEF
### (42 United States Code § 1983 – Unnecessary Force)

The State Patrol incorporates its responses to paragraphs 1.1 through 5.3.

6.1. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent, a response is required, the allegations are denied.

6.2 The allegations in this paragraph contains legal conclusions and are directed at other Defendants. Thus, no response is required. To the extent, a response is required, it is denied.

6.3 To the extent this paragraph is directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent the allegations in this paragraph contain legal conclusions or are directed to other Defendants, no response is required. To the extent, a response is required, it is denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

## VII. THIRD CLAIM FOR RELIEF
### (42 United State Code § 1983 – Failure to Prevent Civil Rights Violation)

The State Patrol incorporates its responses to paragraphs 1.1 through 6.3.

7.1 The allegations in this paragraph contain legal conclusions to which no response is required. To the extent, a response is required, the allegations are denied.

7.2 The allegations in these paragraphs contain legal conclusions or are directed to other Defendants to which no response is required. To the extent these paragraphs are directed at the State Patrol, they are denied.

7.3 To the extent this paragraph is directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent the allegations in this paragraph contain legal conclusions or are directed to other Defendants, no response is required. To the extent, a response is required, it is denied. With respect to all remaining allegations, the State Patrol is without

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

## VIII. FOURTH CLAIM FOR RELIEF
### (42 United State Code § 1983 – Judicial Deception)

The State Patrol incorporates its responses to paragraphs 1.1 through 7.3.

8.1 – 8.3     The State Patrol denies the allegations contained in these paragraphs.

8.4     To the extent this paragraph is directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent this paragraph is directed to other defendants, no response is required. To the extent, a response is required, it is denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

## IX. FIFTH CLAIM FOR RELIEF
### (State Law Claim – Malicious Prosecution)

The State Patrol incorporates its responses to paragraphs 1.1 through 8.4.

9.1 – 9.2     To the extent these paragraphs are directed at the State Patrol, they are denied. The remaining allegations in these paragraphs contain legal conclusions or are directed to other Defendants and thus no response is required. To the extent, a response is required, the allegations are denied.

9.3     The State Patrol denies the allegations contained in this paragraph.

9.4     The State Patrol incorporates its response to paragraphs 9.1 to 9.3. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

9.5     To the extent this paragraph is directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent this paragraph is directed to other defendants, no response is required. To the extent, a response is required, it is denied. With respect

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES     10     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

### X. SIXTH CLAIM FOR RELIEF
**(State Law Claim – Intentional Infliction of Emotional Distress (Outrage))**

The State Patrol incorporates its responses to paragraphs 1.1 through 9.5.

10.1 – 10.5   To the extent these paragraphs are directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent these paragraphs are directed to other defendants, no response is required. To the extent, a response is required, they are denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

### XI. SEVENTH CLAIM FOR RELIEF
**(State Law Claim – Negligent Infliction of Emotional Distress)**

The State Patrol incorporates its responses to paragraphs 1.1 through 10.5.

11.1 – 11.5   To the extent these paragraphs are directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent these paragraphs are directed to other defendants, no response is required. To the extent, a response is required, they are denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

### XII. EIGHTH CLAIM FOR RELIEF
**(State Law Claim – False Arrest)**

The State Patrol incorporates its responses to paragraphs 1.1 through 11.5.

12.1 – 12.2   The allegations in these paragraphs contain legal conclusions that require no response.

12.3   The State Patrol admits Mr. Sanchez was lawfully arrested. To the extent, this paragraph suggests otherwise it is denied.

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES     11     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

12.4   To the extent this paragraph is directed at the State Patrol, the State Patrol denies the allegations. The remaining allegations in these paragraphs contain legal conclusions or are directed to other Defendants and thus no response is required. To the extent, a response is required, the allegations are denied.

12.5   To the extent this paragraph is directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent these paragraphs are directed to other defendants, no response is required. To the extent, a response is required, they are denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

## XIII.   NINTH CLAIM FOR RELIEF
### (State Law Claim – Negligence)

The State Patrol incorporates its responses to paragraphs 1.1 through 12.5.

13.1 – 13.4   The State Patrol assumes that Plaintiff met "Mr. Sanchez" and not "Mr. Parker" as stated in the Complaint. To the extent these paragraphs are about Mr. Sanchez and are directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent these paragraphs are directed to other defendants, no response is required. To the extent, a response is required, they are denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

## XIV.   TENTH CLAIM FOR RELIEF
### (State Law Claim – Defamation)

The State Patrol incorporates its responses to paragraphs 1.1 through 13.4.

14.1 – 14.2   To the extent these paragraphs are directed to the State Patrol, its publications speak for themselves. The State Patrol denies that its publications are slanderous, tortious or actionable, and denies the allegations directed to it in these paragraphs. The remaining allegations in this paragraph are directed to another defendant, and thus require no response. To the

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES          12          ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

extent an answer is required, State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

14.3    The State Patrol incorporates its responses to 14.1 to 14.2. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies the same.

14.4    To the extent this paragraph is directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable, incorporates its responses to 14.1 to 14.2, and denies the remaining allegations in this paragraph.

## XV.    ELEVENTH CLAIM FOR RELIEF
### (State Law Claim – Abuse of Process)

The State Patrol incorporates its responses to paragraphs 1.1 through 14.4.

15.1 – 15.5    To the extent these paragraphs are directed to the State Patrol, the State Patrol denies that its actions were tortious or actionable. To the extent these paragraphs are directed to other defendants, no response is required. To the extent, a response is required, they are denied. With respect to all remaining allegations, the State Patrol is without knowledge or information sufficient to form a belief as to the remaining allegations in these paragraphs and, therefore, denies the same.

## XVI.    PRAYER FOR RELIEF

The State Patrol denies that its actions were tortious or actionable, denies that Plaintiff is entitled to judgment against the State Patrol, and denies that Plaintiff is entitled to any damages or other relief from State, including the relief sought in paragraphs 1-7.

Multiple allegations were imbedded in most of the paragraphs of Plaintiff's Complaint, and, indeed, in many of the individual sentences in the paragraphs of that document. While the State Patrol has made every effort to address each allegation, the State Patrol is aware it may be possible to interpret that a particular allegation was neither admitted nor denied in this Answer.

STATE PATROL'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Accordingly, in addition to the admissions and denials stated herein, the State Patrol denies any allegations in Plaintiff's Complaint that has not been expressly admitted or denied.

## XVII. AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, the Plaintiff failed to state a claim upon which relief may be granted.

By Way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE, all actions of the State Patrol manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

By Way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE, some or all of Plaintiff's action against the State Patrol is barred by the doctrine of res judicata and/or collateral estoppel.

By Way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE, the Plaintiff's damages and injuries, if any, may have been caused by another party to this lawsuit over whom the State had no control. Accordingly, any award of damages to these Plaintiff must be reduced to reflect the percentage of fault attributable to each at fault party, as required by RCW 4.22.070.

By Way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE, if the Plaintiff sustained any injury or damage, the same was provoked by the conduct of the Plaintiff Mr. Sanchez.

By Way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE, the State Patrol at all times acted in good faith in the performance of its duties and is therefore immune from suit for the matters charged in Plaintiff's Complaint.

By Way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE, the claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the doctrine of qualified immunity.

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES — 14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

By Way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE, this action is barred as provided by RCW 4.24.420 on the basis that Matthew Sanchez was engaged in the commission of a felony at the time of his injury and the felony was a proximate cause of that injury.

By Way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE, statements contained in the State Patrol's publication were privileged and not actionable.

By Way of FURTHER ANSWER and TENTH AFFIRMATIVE DEFENSE, that if the Plaintiff suffered any damages, recovery is barred by Plaintiff's failure to mitigate said damages.

By Way of FURTHER ANSWER and ELEVENTH AFFIRMATIVE DEFENSE, that the injuries and damages, if any, claimed by the Plaintiff was proximately caused or contributed to by the fault of Plaintiff as defined by RCW 4.22.015.

## XVIII. RESERVATION OF RIGHTS

The State Patrol reserves the right to amend this Answer by adding other affirmative defenses, cross claims or counterclaims as warranted.

## XIX.   REQUEST FOR RELIEF

WHEREFORE, the State Patrol prays that: the named Plaintiff not take anything from the State Patrol as a result of their Complaint; that Plaintiff's Complaint against the State Patrol be dismissed with prejudice; and that the State Patrol be awarded its costs and reasonable attorneys' fees.

//

//

//

//

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES     15     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

In the event this case proceeds to trial, the State Patrol demands that this case be tried to a jury.

DATED this 16th day of December 2021.

        ROBERT W. FERGUSON
        Attorney General

        */s/Lori A. Nicolavo*
        LORI A. NICOLAVO, WSBA No. 30370
        JOSHUA ORF-RODRIGUEZ, WSBA NO. 50101
        Assistant Attorneys General
        Attorneys for Washington State Patrol
        P.O. Box 40126
        Olympia, WA 98504
        Phone: (360)586-6300
        Fax: (360) 586-6655
        Lori.Nicolavo@atg.wa.gov
        Joshua.OrfRodriguez@atg.wa.gov

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES     16     ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# CERTIFICATE OF SERVICE

I certify that I caused to be served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ US Mail Postage Prepaid via Consolidated Mail Service

> Matthew E. Sanchez, Pro Se
> 16013 11th Ave Ct E
> Tacoma, WA 98445

☐ ABC/Legal Messenger

☐ State Campus Delivery

☐ Hand delivered by _____

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 16th day of December 2021 at Tacoma, Washington.

> */s/Lori A. Nicolavo*
> LORI A. NICOLAVO, WSBA No. 30370

STATE PATROL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES — 17 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300