UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW E. SANCHEZ, a single person, | CASE NO. 21-5915 RJB |
| Plaintiff, | |
| v. | ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| STATE OF WASHINGTON, WASHINGTON STATE PATROL, CARLOS RODRIGUEZ, in his individual and official capacity, MAURICE RINCON, in his official and individual capacity, KATHRYN CHOVIL-PETERSON, in her individual and official capacity, BARRETT CHING, in his individual and official capacity, DARRELL NOYES, in his individual and official capacity, TRAVIS CALTON, in his individual and official capacity, JENNIFER WILCOX, in her individual and official capacity, WILLIAM STEEN, in his individual and official capacity, KALEB MILLER, in his individual and official capacity, MICHAEL PEASE, in his individual and official capacity, OPERATION UNDERGROUND RAILROAD, INC., a foreign non-profit corporation, KITSAP COUNTY, a municipal subdivision of the State of Washington, COREEN SCHNEPF, former | |

Kitsap County Deputy Prosecutor, in her individual and official capacities, JOHN DOE and JANE DOE 1-10,

                Defendants.

This matter comes before the Court on the Defendants Kitsap County and Coreen Schnepf's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(6) (Dkt. 39) and Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 44). The Court has considered the pleadings filed regarding the motions and the remaining file and is fully advised.

Plaintiff, Mathew Sanchez, claims that 15 named defendants and John and Jane Does 1-10 violated his federal constitutional rights and committed various state torts against him in connection with his arrest for committing sex crimes against a minor child. Dkt. 1-1. He contends that he suffered damage as a result of defendants' actions despite the charges against him eventually being dropped. *Id.*

Defendants Kitsap County and Coreen Schnepf bring the pending motion to dismiss. All defendants, however, responded in opposition to Plaintiff's motion to file an amended complaint. Dkts. 50, 51, 52. Plaintiff has not replied in support of his motion for leave to amend. For the reasons set forth in this order, Kitsap County and Coreen Schnepf's motion to dismiss should be granted, and they should be dismissed from this matter without prejudice, and Plaintiff's motion for leave to amend should be denied without prejudice.

                **I.    FACTS AND PROCEDURAL BACKGROUND**

**A. FACTS**

The following facts are taken from the proposed amended complaint (Dkt. 44-1), though many are also included in original complaint (Dkt. 1-1). They are assumed to be true for the purposes of this order only.

In 2014, the Washington State Patrol's Missing and Exploited Children's Task Force ("Task Force") consisted of only a few members. Dkt. 44-1 at 8. In 2015, the Washington State Patrol ("WSP") entered into a contract with Operation Underground Railroad ("OUR") to support larger sting operations targeting online child predators. *Id.* WSP and OUR agreed in the contract to work together to develop, train, consult, fund, and provide equipment for online sting operations, which became known as "Net Nanny Stings." *Id.* In exchange for helping with these operations, OUR gained publicity, attracted donors, and generated income. *Id.*

According to the proposed amended complaint, defendant Coreen Schnepf, a former Kitsap County deputy prosecutor, led planning, training, investigation, and prosecution of defendants involved in Net Nanny Stings. *Id.* She worked closely with Task Force supervising detective Carlos Rodriguez. *Id.* at 12. Both allegedly conspired with OUR to "target, entice, entrap, and convict unsuspecting citizens – most of whom had no criminal history – to increase arrest numbers and financially benefit [WSP] team members and OUR." *Id.* at 8.

In July 2019, Plaintiff responded to a social media profile on the website "MeetMe," a website specifically intended to be used by people age eighteen or older. *Id.* at 10. The profile depicted a woman named "Ms. Jenkins" who looked like an adult female and whose age was listed as 29. *Id.* She appeared to be holding a "Bang" energy drink, which is not intended for individuals under age 18. *Id.* Plaintiff's profile indicated that he was 24 years old. *Id.*

During a series of messages exchanged on MeetMe, "Ms. Jenkins," who was actually defendant Rodriguez acting undercover, asked Plaintiff how old he "really was." *Id.* Mr. Sanchez said that he was 25. *Id.* He did not ask Ms. Jenkins how old she was, allegedly because her profile said she was 29 and she appeared to be an adult. *Id.* Ms. Jenkins then said, "don't get mad . . . I'm 13 and UR 14, and act way older, I pretty much raised me and my sister on my

ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 3

own." *Id.* Plaintiff assumed this was a form of online role-play. *Id.* Eventually, the two exchanged phone numbers and agreed to meet up. *Id.* at 10–11. According to Plaintiff, "[t]here is nothing in the communication between [Plaintiff] and Anna Jenkins (Det. Rodriguez) that would suggest that [Plaintiff] was seeking to arrange sex with actual underage girls." *Id.* at 11. On July 19, 2019, Plaintiff traveled to meet who he believed to be Ms. Jenkins but was instead arrested as part of Net Nanny Sting 16. Task Force officers and defendants Rodriguez, Calton, Chovil-Peterson, Wilcox, Ching, Noyes, Steen, Pease, and Miller were part of the sting operation. *Id.* at 12.

According to the proposed amended complaint, Task Force officers attempted to entice unsuspecting men without a predisposition to commit crimes. *Id.* at 12–13. This helped the Task Force increase arrest numbers and publicly appear to be preventing sexual exploitation of minors, which increased revenue. *Id.* at 13.

Though Kitsap County arrested and charged Plaintiff based on the Net Nanny Sting, it eventually dropped the charges. *Id.* at 14–15. Nonetheless, WSP and OUR publicly referred to Plaintiff as a "Dangerous Sexual Predator who targeted Children" and refuse to address or remove that statement. *Id.* In addition to entrapment, Plaintiff claims that defendants submitted false and misleading reports to the court and repeatedly deleted evidence. Dkt. 44-1 at 9. His alleged injuries include medical and legal expenses and physical and emotional harm. *Id.* at 16.

B. PROCEDURAL BACKGROUND

On September 27, 2021, the Plaintiff, acting *pro se*, filed a complaint in Thurston County, Washington Superior Court. Dkt. 1. Defendants removed the case to this Court on December 16, 2021. *Id.* Counsel appeared for the Plaintiff on January 24, 2022. Dkt. 10.

ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 4

1    On April 28, 2022, defendant OUR filed a motion for a more definite statement. Dkt. 33.
2  On May 5, 2022, defendants Kitsap County and Schnepf filed the pending motion to dismiss.
3  Dkt. 39. Kitsap County and Schnepf argue that there are no facts related to them to support any
4  of the eleven claims asserted in the Complaint. *Id.*

5    After OUR's motion for a more definite statement was granted (Dkt. 42), the Plaintiff
6  filed the pending Motion for Leave to File Amended Complaint (Dkt. 44). On May 23, 2022, he
7  responded to Kitsap County and Coreen Schnepf's motion to dismiss by extensively quoting to
8  the proposed amended complaint. Dkt. 47. This order addresses both pending motions.

9               II.      DISCUSSION

10   **A.  MOTION TO DISMISS**

11   Kitsap County and Coreen Schnepf's motion to dismiss (Dkt. 39) should be granted.
12  While the Plaintiff states that he opposes the motion, he offers no reason to deny it as to the
13  claims asserted against these defendants. He bases all his responsive arguments on the proposed
14  amended complaint, not the original complaint against which defendants bring the motion to
15  dismiss. Furthermore, the complaint is vague, conclusory, and does not plausibly state a claim
16  against these defendants. Dismissal, however, should be without prejudice. Both the original
17  and proposed amended complaint allege that defendant Schnepf, a Kitsap County prosecutor,
18  assisted in planning, investigating, and prosecuting Net Nanny Sting operations. Dkts. 1-1 and
19  44-1 at 8. The proposed amended complaint claims that Kitsap County policies, practices, and
20  customs caused his constitutional violations. Dkt. 44-1 at 27. While the allegations do not
21  include sufficient factual detail to plausibly state a claim for relief, they are not clearly flawed as
22  a matter of law. Therefore, Plaintiff should be given another opportunity to state his claims
23  against these defendants.

24

**B. MOTION FOR LEAVE**

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant a motion for leave to file an amended complaint "when justice so requires." This is a generous standard that should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, a court need not always grant leave and valid reasons for denying leave include moving in bad faith, causing undue delay or prejudice, futility, and where the amended complaint would be subject to dismissal. *Architectural Bldg. Prod. V. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Claims that do not "state a claim to relief that is plausible on its face" are subject to dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Plaintiff's proposed amended complaint, he alleges five claims for relief under 42 U.S.C. § 1983.[1] More specifically, he claims that defendants seized and arrested him in violation of his Fourth Amendment due process rights, conspired to violate his due process rights, used excessive force in violation of the Fourth Amendment, engaged in judicial deception, and that Kitsap County is liable for his injuries under *Monell*. Dkt. 44-1 at 16–19, 27. Plaintiff also brings state law claims for malicious prosecution, false arrest, defamation, and negligence. *Id.* at 20–26. The Court will first address the claims raised in the proposed amended complaint, then the reasons for denying the motion for leave to amend the complaint.

1. Unconstitutional Seizure and Arrest

Plaintiff repeatedly alleges that defendants entrapped him during the Sting. *See* Dkt. 44-1 at 8–9, 16. Defendants emphasize that entrapment cannot serve as the basis of a due process

---

[1] The proposed amended complaint lists "Third Claim for Relief" twice, so the numbering for subsequent causes of action is incorrect.

claim. Dkts. 50 at 4; 52 at 5.

The Ninth Circuit does not appear to have considered whether entrapment can support a due process claim under § 1983, but the Supreme Court indicated in *United States v. Russell* that it alone cannot. 411 U.S. 423 (1973). In *Russell*, the Court rejected a criminal defendant's argument that law enforcement officials violated his Constitutional rights by entrapping him and stated that "the Government's conduct here violated no independent constitutional right of the [defendant]." *Id.* at 430. Other circuits have interpreted this to mean that a claim of entrapment cannot support a § 1983 claim. *See Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007) (to the extent defendants' actions constituted entrapment under state law, they do not by themselves constitute a violation of a constitutional right); *Smith v. Lang*, 114 F.3d 1192 (7th Cir. 1997) (even if a plaintiff prevailed on an entrapment defense at a criminal trial, there is no constitutional violation for § 1983 purposes); *DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir. 1996) (entrapment cannot be the basis for a § 1983 failure-to-train claim*); Giovanetti v. Tomasi*, 25 F.3d 1048 (6th Cir. 1994); *Stevenson v. Bales*, 986 F.2d 1429 (10th Cir. 1993) (no § 1983 claim because entrapment is not a constitutional violation).

Defendants are correct to the extent that Plaintiff claims his allegation of entrapment alone states a due process claim. However, entrapment could be considered within broader allegations to support a due process claim for unlawful arrest or prosecution. *See Armstrong v. Siskiyou Cnty. Sheriff's Dept.*, Case No. CIV-S-07-1046, 2008 WL 686888, at *6 (C.D. Cal. 2008) (citing *Baker v. McCollan*, 443 U.S. 137, 142–43 (1979); *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) ("if an arrest is made in bad faith, there may be a cause of action under § 1983 as an illegal, unconstitutional arrest"); *United States v. Chisu*, 312 F. Supp. 1307, 1312 (D.C. Cal. 1970)); *Dubner v. City of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim

for unlawful arrest is cognizable under § as a violation of the Fourth Amendment, provided the arrest was without probable cause or justification."); *c.f. Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) ("Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith.").

Plaintiff does not merely allege that Defendants entrapped him. He claims that WSP officers "routinely delet[ed] evidence" and "submitted false, misleading information to the court[.]" Dkt. 44-1 at 8–9. He also indicates that he was arrested without probable cause. *See id.* at 11, 15. However, aside from detailing how Plaintiff was allegedly entrapped, the allegations are vague and conclusory. Plaintiff does not specify what other evidence, if any, was allegedly deleted or false or which defendants were allegedly involved. He does not make clear whether he intends to bring this claim against all defendants. Taken together the allegations are not clear enough to determine whether Plaintiff plausibly alleges that certain or all defendants unconstitutionally seized and arrested him. Therefore, Plaintiff's proposed amended due process claim would be subject to dismissal.

    2. <u>Conspiracy to Violate Due Process</u>

To allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 663 F.2d 1539, 1540 – 41 (9th Cir. 1989) (en banc)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* Parallel conduct may be enough to plausibly allege a common objective, but it must be more likely than not that an illicit agreement caused the alleged constitutional

deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In addition, a plaintiff must allege a viable underlying constitutional claim. *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).

First, as discussed in the previous section, Plaintiff's conspiracy claim fails because he does not plausibly allege an underlying due process claim. Furthermore, Plaintiff does not plausibly allege a conspiracy to violate his constitutional rights. The proposed complaint states that "OUR entered into a written contract with the Washington State Patrol to assist in the development, training, consulting, funding, and the providing of equipment for the Net Nanny sting operations conducted in Kitsap County, and throughout Washington State[.]" Dkt. 44-1 at 8, 17. While Plaintiff clearly alleges an agreement, the alleged agreement is not to violate constitutional rights. Working together on development, training, consulting, and fundraising does not raise constitutional concerns. Plaintiff also claims that defendants failed to disclose exculpatory evidence and gave the court and prosecutor false and misleading evidence. While multiple people presenting misleading evidence could indicate parallel behavior, the proposed amended complaint does not specify who may have been involved or what evidence they misrepresented. The Court cannot determine whether parallel conduct indicates a conspiracy to violate constitutional rights without more specific allegations about who did what. Therefore, Plaintiff's proposed amended complaint does not state a claim for conspiracy to violate his constitutional due process rights.

3. <u>Excessive Force</u>

Force is "excessive" under the Fourth Amendment if it is objectively unreasonable based on the totality of the circumstances. *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d at 528, 537 (9th Cir. 2010). Courts use a three-step analysis to make this determination. *Id.*

> First, we must assess the severity of the intrusion . . . by evaluating 'the type and amount of force inflicted.' Next, we evaluate the government's interests by

assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape. Third, 'we balance the gravity of the intrusion on the individual against the government's need for that intrusion.

*Id.* (quoting *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003).

Plaintiff does not provide enough information to make this assessment. He alleges that defendants Ching, Noyes, Calton, Ricon, Steen, and Pease, all WSP officers, and affiliate law enforcement officers used excessive force when the pointed their guns at him. Dkt. 44-1 at 17. Pointing a gun at an unarmed suspect may constitute excessive force, *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1013 (9th Cir. 2002), but Plaintiff does not include enough detail about the totality of the circumstances to make this assessment. Furthermore, he appears to bring this claim against each defendant, but it is not clear how this claim applies to defendants other than the officers who pointed a gun at him. Dkt. 44-1 at 18. Plaintiff must provide more information about the totality of the circumstances to determine whether the force used against him could have been objectively unreasonable and, if so, which defendants were responsible. Therefore, Plaintiff's proposed amended complaint does not state an excessive force claim.

4. <u>Judicial Deception</u>

To state a claim for judicial deception, a plaintiff must be able to demonstrate (1) deliberate falsehood or reckless disregard for the truth and (2) the search and arrest would not have occurred but for the dishonesty. *Chism v. Washington*, 661 F.3d 380, 387 (9th Cir. 2011).

Plaintiff's judicial deception claim is vague and conclusory. He states that various defendants made deliberate falsehoods, misrepresentations, and omissions in sworn statements either to the Kitsap County Prosecutor's office or the Kitsap County court. Dkt. 44-1 at 20. It is not clear what falsehoods, misrepresentations, or omissions were hidden that would have

ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 10

prevented his arrest, nor does he allege who made the falsehoods, misrepresentations, or omissions. Therefore, Plaintiff does not plausibly state a judicial deception claim.

5. *Monell*

Plaintiff appears to allege a *Monell* claim against Kitsap County only. Dkt. 44-1 at 27.

"To establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constructional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). As with a conspiracy claim, a plaintiff cannot support a *Monell* claim without showing an underlying constitutional violation. *See id.*

Plaintiff's *Monell* claim fails both because, as explained in the previous sections, he does not state an underlying constitutional violation and because he does not identify the policy or practice at issue with sufficient detail. He claims that "failure to train and supervise prosecutors" was the proximate cause of his injuries. Dkt. 44-1 at 27. To support a failure to train claim, the need for additional training must be so obvious that it amounts to "deliberate indifference." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Plaintiff alleges that defendant Schnepf, a Kitsap County Prosecutor, "assisted in planning, training, investigation, and later prosecution of defendants surrounding the Net Nanny sting operations" (Dkt. 44-1 at 8) and that "the Kitsap County Prosecuting Attorney's Office allowed non-law enforcement OUR employees to be present and participate in the undercover operation" (*id.* at 12). The Court cannot assess whether these actions were deliberately indifferent without more information about what it knew, what its

1  policy or practice entailed, and how it allegedly harmed Plaintiff.  Therefore, Plaintiff's proposed
2  amended complaint does not plausibly state a claim for relief under *Monell*.

3      6.  <u>State Law Claims</u>

4      While the parties do not seriously address Plaintiff's state law claims, Plaintiff's motion
5  for leave to amend should also be denied as to these claims.  Plaintiff must state a federal cause
6  of action for the Court to have supplemental jurisdiction over the related state law claims.  28
7  U.S.C. § 1367.  Furthermore, the claims appear to suffer in large part from the same failures as
8  the federal claims.  For example, Plaintiff appears to base his malicious prosecution claim on the
9  allegation that law enforcement should have known that he was not a sexual predator and that
10 they acted unreasonably in pursuing charges against him.  The proposed amended complaint
11 alleges that WSP officers drafted false police reports and materially misled the court, and that
12 Plaintiff was arrested and prosecuted without probable cause.  Dkt. 44-1 at 21.  However, it is
13 not clear what was allegedly false or misleading about WSP officer's reports.  <u>Moreover</u>,
14 Plaintiff brings this claim against all defendants, but it is not clear how this claim applies to all
15 defendants, notably to OUR, which is a private entity.

16     7.  <u>Conclusion</u>

17     For the reasons listed in this Order, Plaintiff's proposed amended complaint would be
18 subject to dismissal.  Therefore, his motion for leave to file an amended complaint should be
19 denied.  However, it is not clear whether he might be able to state a claim by providing more
20 clarity and factual information.  While the Court is cognizant of the potential burden and
21 prejudice associated with numerous opportunities to amend a complaint, especially in a
22 complicated case like this that includes so many defendants and causes of action, dismissal
23 should nonetheless be without prejudice.

24

Therefore, **IT IS HEREBY ORDERED THAT:**

- Defendants Kitsap County and Coreen Schnepf's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(6) (Dkt. 39) **IS GRANTED**, and they are dismissed from this matter without prejudice;
- Plaintiff's Motion for Leave to Filed Amended Complaint **IS DENIED** without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of June, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge