UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW E. SANCHEZ,<br><br>                Plaintiff,<br>   v.<br><br>THE STATE OF WASHINGTON, WASHINGTON STATE PATROL, CARLOS RODRIGUEZ, MAURICE RINCON, KATHRYN CHOVIL-PETERSON, BARRETT CHING, DARRELL NOYES, TRAVIS CALTON, JENNIFER WILCOX, WILLIAM STEEN, KALEB MILLER, MICHAEL PEASE, OPERATION UNDERGROUND RAILROAD, INC., JOHN DOE and JANE DOE 1-10,<br><br>                Defendants. | CASE NO. 3:21-cv-05915-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

This matter comes before the Court on the Plaintiff's Motion for Leave to File Amended Complaint. Dkt. 55. The Court has considered the pleadings filed regarding the motion and the remaining file.

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

Originally acting *pro se,* the Plaintiff, Mathew Sanchez, filed this case claiming that 15 named defendants and John and Jane Does 1-10 violated his federal constitutional rights and committed various state torts against him in connection with his arrest for committing sex crimes against a minor child. Dkt. 1-1. He contends that he suffered damage as a result of Defendants' actions despite the fact that charges against him were eventually dropped. *Id.* The Plaintiff, now represented by counsel, moves for leave to file an amended complaint (Dkt. 55) and attaches a proposed "First Amended Complaint" (Dkt. 55 at 5-34) with changes marked. For the reasons provided below, the motion (Dkt. 55) should be granted, in part, and denied, in part.

### I.  PROCEDURAL HISTORY AND RELEVANT FACTS

This case was filed on September 27, 2021 in Thurston County Superior Court. Dkt. 1-1. It was removed on December 16, 2021. Dkt. 1. On June 10, 2022, Defendants Kitsap County and Coreen Schnepf's motion to dismiss was granted and the claims asserted against them were dismissed without prejudice. Dkt. 54. Although the Plaintiff's May 19, 2022 motion to amend based on a proposed amended complaint was denied, the denial was without prejudice. *Id.* In his proposed amended complaint, the Plaintiff does not reassert claims against Defendants Kitsap County or Coreen Schnepf. Dkt. 55.

The proposed amended complaint alleges that the Washington State Patrol's ("WSP") Missing and Exploited Children's Task Force ("MECTF") and Operation Underground Railroad ("OUR"), a private non-profit, "partnered and collaborated" in MECTF's undercover sting operations that targeted online sex predators. Dkt. 55 at 6-10. According to the proposed amended complaint, in 2015 the WSP began to allow the MECTF to operate these online sting operations, known as "Net Nanny Stings." *Id.* at 12. It maintains that these stings were made possible "from the training, consultation, financial and equipment donations, to include actual

presence and participation by members of OUR." *Id.* The proposed amended complaint alleges that there is a "long paper trail" that outlines WSP and OUR's partnership and includes WSP giving OUR access to confidential, protected, non-public information in exchange for funding, training and equipment. *Id.* at 13. It contends that the focus of the partnership was to get a high number of arrests per sting to attract more donations for OUR. *Id.* It asserts that Defendant WSP Detective Carlos Rodriguez worked closely with OUR, "traveled the country to promote OUR," and assisted in OUR's marketing efforts to create new business relationships for it. *Id.* Defendant Rodriguez is alleged to be "the supervising detective of [MECTF]." *Id.* at 18.

The proposed amended complaint alleges that in July 2019, the WSP conducted a sting in Kitsap County. *Id.* at 15. It contends that participants in the sting employed by the WSP included Defendants Rodriguez, Maurice Rincon, Kathryn Chovil-Peterson, Barrett Ching, Darrell Noyes, Travis Calton, Jennifer Wilcox, William Steen, Kaleb Miller, and Michael Pease. *Id.* It asserts that "other law enforcement personnel" were involved and "there may have been other participates [sic] present that has [sic] not been disclosed by Defendants." *Id.* The proposed amended complaint alleges that the sting participants were broken into teams. *Id.* at 17. The teams include a chat team, which engaged in online conversations and informed other teams of the probable cause to arrest, a surveillance team, an "intel" team, an interview team, a warrant team and an arrest team. *Id.* at 17-18.

Defendant Rodriguez is alleged to be on the chat team in the instance involving the Plaintiff. *Id.* at 17. The proposed amended complaint asserts that he set up a fake online profile on a website called "Meetme" and engaged in online conversation with the Plaintiff. *Id.* The online chats between the Plaintiff and Defendant Rodriguez posing as an online persona (which

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 3

the Court finds are incorporated by reference as explained in Section II B. of this opinion) began on July 28, 2019 at 6:28 p.m., stated:

>Plaintiff: Hey there (smiley face emoji)
>
>Online Persona: (Smiley face emoji with hearts)
>
>Plaintiff:  How's your day going?
>
>Online Persona: Bored watching Netflix
>
>Plaintiff: Awhh by yourself?!(frown emoji) want me to come thru and keep you company (eye roll emoji and eye wink emoji)
>
>Online Persona: Yeah
>
>Online Persona: How old r u fr [for real]
>
>Plaintiff: Haha I'm 25 now wby? [what about you]
>
>Online Persona: Don't get mad I'm 13.  Ur almost 14 and act way older I pretty much raised me and my sister on my own.
>
>Plaintiff: Damn your young cute af [as fuck] but young I wouldn't wanna take advantage of you or have you feel that way if we actually hung out ya know?  Like I know how it is we can be friends (emoji with small smile) I'm not mad
>
>Online Persona: K HMU [o.k. hit me up] at 253-285-1163.  I can handle my own trust me. (laughing emoji with tears).
>
>Plaintiff: I don't doubt that at all beautiful (small smile emoji)  I'll hit you up for sure! Wyd [What you doing] tomorrow?
>
>Online Persona: I thing rlly [really]  HMU [Hit me up].  Us im.  It on here and quarantined I'll get banned
>
>Plaintiff:  Ok I txt you instead chica

Dkt. 62-1, at 5-6. (While the last online chat indicates that the Plaintiff will then switch to communicating with the online persona by text message, but as explained below in Section II.

B., because the proposed amended complaint does not refer to these text messages, the text messages will not be incorporated by reference or discussed here).

The proposed amended complaint contends that Defendant Rodriguez "wrote and submitted false and misleading reports intentionally providing misinformation to the prosecutor's office and the court, which were used to determine probable cause and used in search warrants." Dkt. 55 at 15. It maintains that Defendant Rodriguez's false statements included that Plaintiff contacted the online profile of a 13-year-old female (when the profile indicated that she was 29 years old, had an image of a female holding a drink you must be 18 years old to purchase, and was on a website that was for use persons over age 18). *Id.* at 15-16. The proposed amended complaint asserts that Defendant Rodriguez also stated in the "document submitted to the court for probable cause" that he advised the Plaintiff that the online persona was thirteen years old, but omitted the entire statement which was: "I am 13 ur almost 14," implying a "role playing scenario." *Id.* It alleges that "[f]urther in the chat conversation Defendant Rodriguez sent a picture to [Plaintiff] that was an adult female which reinforced the belief it was role play, but that information was omitted from any report submitted to the court for probable cause or warrants." *Id.*

Two reports authored by Defendant Rodriguez (one dated the day of the Plaintiff's arrest – July 29, 2019 (Dkt. 62-3 at 2) and one on August 5, 2019 (Dkt. 62-3 at 3)) are also incorporated by reference as explained in Section II. B. of this opinion. It is not clear when or to whom these reports were submitted. In any event, the reports both refer to the online chat exchanges between the Plaintiff and the online persona and to text messages between the Plaintiff and the online persona. Dkts. 62-3 at 2-3. The August 5, 2019 report specifically directs the reader to "refer to the Meetme chats and the text messages for the full conversation."

Dkt. 62-3 at 3.  These reports states that the charges were for (1) Rape of a Child Second Degree – Attempt, RCW 9.A.44.076, (2) Communication with a Minor for Immoral Purposes RCW 9.68A.090; and (3) Commercial Sexual Abuse of a Minor RCW 9.68.A100.  *Id.*

The proposed amended complaint asserts that Rodriguez "routinely delet[ed] evidence (chats)" [but does not specify that any chats related to their conversation were deleted] and did not let the Plaintiff "set the topic of conversation" in their chats. Dkt. 55.

The proposed amended complaint alleges that after the online chat exchanges, on July 29, 2019, the Plaintiff traveled to Kitsap County to meet the female with whom he thought he was talking, but was in actuality Defendant Rodriguez.  Dkt. 55 at 16.  The Plaintiff stopped by a Subway sandwich shop (a "predetermined location" that the Plaintiff was directed to go to in the text messages) where he was observed by the surveillance team on the way to the home where the Plaintiff and the online persona had agreed to meet.  *Id.*

The arrest team is alleged to have consisted of Defendants Rincon, Calton, Steen and Pease who were dressed in SWAT gear at the time.  *Id.* at 18.  The proposed amended complaint alleges that when the Plaintiff entered the residence, the "arrest team swarmed [the Plaintiff], several of whom had their weapons drawn and pointed directly at [Plaintiff] in very close proximity, while in a loud and commanding tone direct[ed] his compliance with their commands."  *Id.*  It contends that these actions were taken by the arrest team even though it knew of his lack of propensity for violence (based on information from the "intel" team) and saw him enter the house holding a Subway soda.  *Id.*  The Plaintiff was arrested.  *Id.*  The amended complaint contended that Defendants Rincon, Calton, Steen, and Pease all signed the investigative report when only one of them should have signed it.  *Id.*  It maintains that having all four signatures on the report violated the WSP's policies.  *Id.*  The investigative report,

incorporated by reference as explained in Section II B. of this opinion, indicates that the Plaintiff was charged with "Rape of a Child 2nd Degree – Attempt" (RCW 9A.28.020) and "Communications with a Child for Immoral Purposes" (RCW 9.68A.090). Dkt. 62-4 at 2.

The proposed amended complaint asserts that "[a]s part of the agreement between OUR and WSP, after persons were arrested in the Net Nanny stings, WSP and OUR went on a public campaign specifically identifying those arrested . . . [as] '"Dangerous Sexual Predators who targeted Children."' *Id.* at 16. It alleges that after his arrest, the Plaintiff was so identified. *Id.*

The proposed amended complaint maintains that the Plaintiff was charged in Kitsap County with sex crimes and had to hire a defense lawyer. *Id.* It asserts that Plaintiff's case was dismissed on February 3, 2021, but the online statement that he was a "dangerous sex predator that targets children" (which he contends is a "false, defamatory and egregious statement") remains on the internet. *Id.* at 17.

The Plaintiff makes claims pursuant to 42 U.S.C. § 1983 for (1) violation of his fourth and fourteenth amendment rights against Defendants WSP, Rodriguez, Rincon, Calton, Steen, Pease and OUR for "seizing him and arresting him without probable cause," (2) conspiracy to violate his fourth and fourteenth amendment rights against Defendants WSP, Rodriguez, and OUR, (3) violation of his fourth amendment rights against excessive force against Defendants WSP, Rincon, Calton, Steen, and Pease, (4) "judicial deception" against Defendants WSP and Rodriguez for making false statements to the court and prosecutor's office, and against Rincon, Calton, Steen and Pease for submitting false reports to the prosecutor's office. Dkt. 55. He also makes state law claims for: (1) malicious prosecution against WSP and Defendant Rodriguez, (2) false arrest against Defendants WSP, Rodriguez, Rincon, Calton, Steen, and Pease, (3) defamation against Defendants WSP, Rodriguez, and OUR, (4) negligence against WSP and

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 7

Rodriguez, and (5) outrage against WSP and Rodriguez. *Id.* The Plaintiff asserts claims for damages (including punitive damages against the individual defendants who are "being sued in their individual capacities as well as their official capacities"), attorneys fees, and costs. *Id.*

In his motion to amend his Complaint, the Plaintiff argues that leave should be granted because he has now included "more specific facts" and identify which "Defendants the causes of action are applicable to." Dkt. 57. The Defendants oppose the motion (Dkts. 61 and 62).

WSP and the individually named WSP Defendants, Carlos Rodriguez, Maurice Rincon, Kathryn Chovil-Peterson, Barrett Ching, Darrell Noyes, Travis Calton, Jennifer Wilcox, William Steen, Kaleb Miller, and Michael Pease (collectively "State Defendants") move the Court to consider attachments they filed arguing that these materials are incorporated by reference into the proposed amended complaint. Dkt. 62.

## II.   DISCUSSION

### A. STANDARD ON MOTION FOR LEAVE TO AMEND

Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

The Defendants contend that the motion for leave to amend the Complaint should be denied because the proposed amendments are futile. Dkts. 61 and 62. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988), *overruled on other grounds*. The test to determine the

sufficiency of a proposed amendment is the same as the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).  *Id.*

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**B. MOTION FOR INCORPORATION BY REFERENCE**

When evaluating the sufficiency of a pleading under Rule 12(b)(6), a court reviews only the allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla,* 931 F.3d 887 894 (9th Cir. 2019).  "Certain written instruments attached to pleadings may be considered part of the pleading.  Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint it the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Although for purposes of a motion to amend or for a motion to dismiss the court ordinarily credits the allegations in the complaint as true, it need not "accept as true allegations that contradict matters properly subject to judicial notice . . . by exhibit" or incorporated by reference into the complaint. *Gonzalez v. Planned Parenthood of Los Angeles,* 759 F.3d 1112, (9th Cir. 2014); *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998)(the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

The State Defendants urge the Court to consider attachments they filed of the online profile pages at issue (Dkt. 62-1 at 2-4 (Plaintiff's) and Dkt. 62-1 at 8-10 (online persona)), online chats and texts between Plaintiff and Rodriguez (posing as the online persona) (Dkts. 62-1 at 5-6 (chats) and 62-2 (texts)), Rodriguez's reports (Dkt. 62-3), the arrest team's report (Dkt. 62-4), and the Kitsap County Jail Release Report regarding the Plaintiff's July 29, 2019 arrest and his July 30, 2019 release (Dkt. 62-5). Dkt. 62.

The State Defendants' motion for the court to consider the above attachments as incorporated by reference into the proposed amended complaint should be granted, in part, and denied, in part.

The Plaintiff refers extensively to the online chats in his proposed amended complaint and quotes portions of them. Dkt. 55. The proposed amended complaint refers to Rodriguez's reports and the arrest team's report. *Id.* The proposed amended complaint indicates that the Plaintiff was arrested on July 29, 2019 and that he was eventually released from the Kitsap County Jail. The online chats, reports and Kitsap County Jail Release Report "form the basis of the Plaintiff's claims." The Plaintiff does not contest the authenticity of these exhibits. Exhibits

(Dkt. 62-1, at 5-6, 62-3, to 62-4 and 62-5) should be considered as incorporated by reference into the proposed amended complaint.

The Plaintiff does not refer to text messages (found at Dkt. 62-2) in his proposed amended complaint. He does not base any of his claims on those text messages. This exhibit (Dkt. 62-5) should not be incorporated by reference.

### C. MOTION FOR LEAVE TO AMEND

The Plaintiff's motion for leave to file a second amended complaint should be granted, in part, and denied, in part. The Defendants contend that the motion should be denied because the proposed amendments are futile. Dkts. 61 and 62. Whether amendment is futile, or not, will be addressed by claim below.

### D. 1983 CLAIMS AGAINST THE WSP AND WSP EMPLOYEES IN THEIR OFFICIAL CAPACITIES

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled on other grounds*); *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The motion to amend to add claims against Defendants WSP, and Carlos Rodriguez, Maurice Rincon, Kathryn Chovil-Peterson, Barrett Ching, Darrell Noyes, Travis Calton, Jennifer Wilcox, William Steen, Kaleb Miller, and Michael Pease, in their official capacities, pursuant to 42 U.S.C. § 1983 should be denied as futile. States, state agencies, and officials acting in their official capacities are not "persons" and so are not subject to a suit for monetary relief under §

(Dkt. 62-1, at 5-6, 62-3, to 62-4 and 62-5) should be considered as incorporated by reference into the proposed amended complaint.

The Plaintiff does not refer to text messages (found at Dkt. 62-2) in his proposed amended complaint. He does not base any of his claims on those text messages. This exhibit (Dkt. 62-5) should not be incorporated by reference.

**C. MOTION FOR LEAVE TO AMEND**

The Plaintiff's motion for leave to file a second amended complaint should be granted, in part, and denied, in part. The Defendants contend that the motion should be denied because the proposed amendments are futile. Dkts. 61 and 62. Whether amendment is futile, or not, will be addressed by claim below.

**D. 1983 CLAIMS AGAINST THE WSP AND WSP EMPLOYEES IN THEIR OFFICIAL CAPACITIES**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled on other grounds*); *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

The motion to amend to add claims against Defendants WSP, and Carlos Rodriguez, Maurice Rincon, Kathryn Chovil-Peterson, Barrett Ching, Darrell Noyes, Travis Calton, Jennifer Wilcox, William Steen, Kaleb Miller, and Michael Pease, in their official capacities, pursuant to 42 U.S.C. § 1983 should be denied as futile. States, state agencies, and officials acting in their official capacities are not "persons" and so are not subject to a suit for monetary relief under §

1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). The Plaintiff's motion to amend his Complaint to add federal constitutional claims for damages pursuant to §1983 against the WSP and the individually named Defendants in their official capacities should be dismissed with prejudice and without leave to amend.

### E. FOURTH AND FOURTEENTH AMENDMENT CLAIMS FOR ARREST WIHTOUT PROBABLE CAUSE

The Plaintiff's proposed amended complaint indicates that he is asserting his Fourth and Fourth Amendment claims for arrest without probable cause claims against the individual WSP Defendants Rodriguez, Rincon, Calton, Steen, Pease and OUR. Dkt. 55 at 21.

"A claim for unlawful arrest is cognizable under [section] 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012). "An officer has probable cause to make a warrantless arrest when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). Probable cause depends on the totality of the circumstances. *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018)(*internal quotation marks and citations omitted*). "It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar." *Id.* (*internal quotation marks and citations omitted*).

At this stage in the litigation, the Court cannot yet say that amendment for violation of the Fourth Amendment for lack of probable cause is futile as to WSP Defendants Rodriguez, Rincon, Calton, Steen, and Pease. The record is limited and it is not yet clear what the officers knew and when. It is difficult to determine the "totality of the circumstances" at this point.

While these officers raise various issues and potential defenses, those arguments are not well suited to be considered on a motion to amend, but rather a motion for summary judgment.

As to OUR, the Plaintiff has failed to allege any facts in support of his constitutional claims for violation of the Fourth or Fourteenth Amendments based on lack of probable cause. There are no allegations that OUR was involved in the events leading to the Plaintiff's specific arrest or prosecution. The motion to amend his Complaint as to OUR should be denied as futile.

### F. FOURTH AND FOURTEENTH AMENDMENT CLAIMS FOR EXCESSIVE FORCE

The proposed amended complaint asserts a Fourteenth amendment claim for excessive force against the individual WSP Defendants Rincon, Calton, Steen and Pease (the arrest team). Dkt. 55. The Plaintiff's motion to amend the Complaint to clarify this claim should be denied as futile.

"Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). In determining whether an officer's use of force violates the Fourth Amendment courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)(*internal quotation marks omitte*d). "That inquiry generally involves an assessment of factors such as the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020)(*internal quotation marks omitte*d).

The proposed amended complaint indicates that when the Plaintiff arrived at the home where he thought he was meeting the female he had been chatting online with, WSP officers

entered the home, some with guns drawn and spoke to the Plaintiff in a "loud and commanding tone." Dkt. 55 at 18.  It contends that these actions were taken by the arrest team even though it knew of his lack of propensity for violence (based on information from the "intel" team) and saw him enter the house holding a Subway soda.  *Id.*

Considering "the nature and quality of the intrusion" on the Plaintiff's Fourth Amendment interests which were slight (although he may have been frightened by the guns having been drawn) "against the importance of the governmental interests" - the apprehension of an alleged felon - the governmental intrusion was justified here. *Garner* at 8. The severity of the crimes alleged were severe.  The Plaintiff was suspected of an attempted rape of a child, communicating with a minor for immoral purposes and of sexually exploiting a minor.  While the Plaintiff argues that the officers knew of "his lack of propensity for violence," the crimes at issue posed an immediate threat to the minor victim.  There is no allegation in the proposed amended complaint that the Plaintiff was "resisting arrest or attempting to evade arrest by flight," the balance of the factors to be considered demonstrates that the governmental interest here outweighs the intrusion on the Plaintiff's Fourth Amendment interest.  The motion to amend the Complaint to clarify a claim for excessive force should be denied as futile.

**G.  JUDICIAL DECEPTION PURSUANT TO § 1983**

The proposed amended complaint asserts a judicial deception claim against individual WSP individual Defendants Rodriguez, Rincon, Pease, Calton and Steen.  Dkt. 55 at 25.

To state a claim for judicial deception, a plaintiff must be able to demonstrate (1) deliberate falsehood or reckless disregard for the truth and (2) the search and arrest would not have occurred but for the dishonesty. *Chism v. Washington*, 661 F.3d 380, 387 (9th Cir. 2011).

The Plaintiff's motion to amend his Complaint to clarify a claim for judicial deception should be denied. Plaintiff's judicial deception claims are vague and conclusory. He states that various defendants made deliberate falsehoods, misrepresentations, and omissions in sworn statements either to the Kitsap County Prosecutor's office or the Kitsap County court. It is not clear what falsehoods, misrepresentations, or omissions were hidden or that would have prevented his arrest. While he argues that a portion of a statement was left out of Rodriguez's reports, the reports refer the reader to the entire online chat stream. Therefore, Plaintiff does not plausibly state a judicial deception claim.

**H. CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS UNDER § 1983**

The proposed amended complaint asserts a claim against Defendant Rodriguez and OUR for conspiracy to violate the Plaintiff's Fourth and Fourteenth Amendment rights "resulting in his illegal arrest and malicious prosecution." Dkt. 55 at 22.

To allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (*citing United Steelworkers of Am. v. Phelps Dodge Corp.*, 663 F.2d 1539, 1540 – 41 (9th Cir. 1989)(*en banc*)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* Parallel conduct may be enough to plausibly allege a common objective, but it must be more likely than not that an illicit agreement caused the alleged constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In addition, a plaintiff must allege a viable underlying constitutional claim. *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).

The Plaintiff's motion to amend his Complaint to clarify his claim for conspiracy to violate his constitutional rights should be denied. The Plaintiff fails to plausibly allege a

conspiracy to violate his constitutional rights. The agreements alleged between Rodriguez and OUR were not related to the violation of his constitutional rights, but were for training, consultation and financial and equipment donations. These agreements do not raise constitutional concerns.

The proposed amended complaint also refers to a claim for malicious prosecution. To make a claim for section 1983 action for malicious prosecution, "a plaintiff must show that the defendants prosecuted [them] with malice and without probable cause, and that they did so for the purpose of denying [them] a specific constitutional right." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011)(*internal quotation marks omitted*).

To the extent the proposed amended complaint asserts a conspiracy claim against Defendant Rodriguez and OUR for conspiracy to maliciously prosecute him, the motion to amend should be denied. The Plaintiff fails to allege sufficient facts from which to conclude that either Rodriguez or OUR acted with malice and with the purpose of denying the Plaintiff a specific constitutional right. His motion to amend his Complaint in regard to this claim should be denied.

**I.   STATE LAW CLAIMS**

1. <u>Malicious Prosecution</u>

The proposed amended complaint asserts a claim under state law for malicious prosecution but does not specify against whom the claim is made. Dkt. 55 at 26.

To maintain a state law claim for malicious prosecution arising from a criminal action, a plaintiff must prove:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the

merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Clark v. Baines*, 150 Wn.2d 905, 911 (2004). Proof of probable cause is an absolute defense. *Id.*

The Plaintiff's motion to amend his complaint to add a claim for malicious prosecution against all defendants should be denied as futile. He fails to allege sufficient facts from which to conclude that any of the Defendants "instituted or continued" the proceedings through malice. His conclusory assertions are not adequate.

2. False Arrest

The proposed amended complaint asserts a claim for false arrest against unspecified defendants.

The motion to amend the Complaint to add a claim for false arrest should be denied as futile. A two-year statute of limitations applies to claims of false arrest. RCW 4.16.100(1). *Heckart v. City of Yakima,* 42 Wash.App 38 (1985). The Plaintiff was arrested on July 29, 2019 and released from custody on July 30, 2019. The Plaintiff filed this case on September 27, 2021, over two years later.

3. Defamation

The proposed amended complaint appears to assert a claim for defamation against the WSP, Rodriguez and OUR. Dkt. 55 at 27-28.

To prevail on a defamation claim, the Plaintiff must show (1) falsity; (2) an unprivileged communication; (3) fault; and (4) damages. *Mohr v. Grant*, 153 Wn.2d 812, 822 (2005).

The motion to amend to add this claim for defamation against WSP, Rodriguez and OUR should be granted. The Court cannot yet determine whether this claim is futile as to WSP, Rodriguez and OUR.

4. Negligence

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 17

The proposed amended complaint asserts a claim for negligence against WSP and Rodriguez. Dkt. 55 at 28.

Under Washington law, to establish a claim for negligence, "a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce Cty.*, 164 Wn.2d 545, 552 (2008)(*internal quotation marks and citations omitted*).

The motion to amend the Complaint to clarify the negligence claim against WSP and Rodriguez should be granted. The Court cannot yet determine whether this claim is futile.

5. Outrage

Although it is not clear, the proposed amended complaint appears to assert a claim for outrage against the WSP and Rodriguez only. Dkt. 55 at 29.

In order to prevail on a claim of outrage, which is also referred to as intentional infliction of emotional distress, the plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of emotional distress. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wash.2d 775, 792 (2014). "Although the three elements are fact questions for the jury, the first element of the test goes to the jury only after the court determines if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Spicer v. Patnode*, 9 Wn. App. 2d 283, 292–93 (2019).

The motion to amend the Complaint to add a claim for outrage against WSP, Rodriguez or any other Defendant should be denied as futile. Even crediting all allegations, reasonable minds would not differ. The facts alleged here were not sufficiently extreme to result in liability for outrage.

### J. CONCLUSION

The Plaintiff's motion to amend his Complaint should be granted only as to the federal claim for violation of his Fourth Amendment right against arrest for lack of probable cause against the individual WSP Defendants Rodriguez, Rincon, Calton, Steen, and Pease; his state law claim for defamation against WSP, Rodriguez and OUR; and his state law claim for negligence against WSP and Rodriguez. The motion should be denied in all other respects. While the Plaintiff names several other parties in the caption of the proposed amended complaint, he makes no allegations against them. These parties should be removed from the captions. Further, he should be ordered to file a clean version of his amended complaint removing all futile claims and parties.

### III. ORDER

It is **ORDERED** that:

- The State Defendants' motion for the Court to consider documents they filed as incorporated by reference into the proposed amended complaint (Dkt. 62) **IS GRANTED IN PART, AND DENIED, IN PART**.
- The Plaintiff's Motion for Leave File Amended Complaint (Dkt. 55) **IS:**
    - **GRANTED** as to the Plaintiff's:
        - Federal claim for violation of his Fourth Amendment right against arrest for lack of probable cause against the individual WSP Defendants Rodriguez, Rincon, Calton, Steen, and Pease;
        - State law claim for defamation against WSP, Rodriguez and OUR; and
        - State law claim for negligence against WSP and Rodriguez;
    - **AND DENIED** as futile in all other respects;

- The Plaintiff is directed to file a clean copy of his First Amended Complaint, removing all futile claims and parties, by **October 27, 2022**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of October, 2022.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 20