UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW E. SANCHEZ,<br><br>                  Plaintiff,<br><br>   v.<br><br>THE STATE OF WASHINGTON, WASHINGTON STATE PATROL, CARLOS RODRIGUEZ, MAURICE RINCON, TRAVIS CALTON, WILLIAM STEEN, MICHAEL PEASE; JOHN DOE AND JANE DOE 1-10,<br><br>                  Defendants. | CASE NO. 3:21-cv-05915-RJB<br><br>ORDER ON OPERATION UNDERGROUND RAILROAD, INC.'S MOTION TO DISMISS |

This matter comes before the Court on Operation Underground Railroad, Inc.'s ("OUR") Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 73) and its motion to strike (Dkt. 76). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Originally acting *pro se,* the Plaintiff, Mathew Sanchez, filed this case claiming that 15 named defendants and John and Jane Does 1-10 violated his federal constitutional rights and

ORDER ON OPERATION UNDERGROUND RAILROAD, INC.'S MOTION TO DISMISS - 1

committed various state torts against him in connection with his arrest for committing sex crimes against a minor child. Dkt. 1-1. He contends that he suffered damage as a result of Defendants' actions despite the fact that charges against him were eventually dropped. *Id.*

After Plaintiff was granted leave, he filed his First Amended Complaint asserting a claim for defamation against O.U.R., the moving party here. Dkt. 72. OUR now moves to dismiss the claim. Dkt. 73. For the reasons provided below, the motion (Dkt. 73) should be granted.

## I.     FACTS AND PROCEDURAL HISTORY

The First Amended Complaint alleges that the Washington State Patrol's ("WSP") Missing and Exploited Children's Task Force ("MECTF") and OUR, a private non-profit, "partnered and collaborated" in MECTF's undercover sting operations that targeted online sex predators. Dkt. 72 at 5-7. According to the First Amended Complaint, in 2015, the WSP began to allow the MECTF to operate these online sting operations, known as "Net Nanny Stings." *Id.* at 4. It maintains that these stings were made possible "from the training, consultation, financial and equipment donations, to include actual presence and participation by members of OUR." *Id.* The First Amended Complaint alleges that there is a "long paper trail" that outlines WSP and OUR's partnership and includes WSP giving OUR access to confidential, protected, non-public information in exchange for funding, training and equipment. *Id.* at 5. It contends that the focus of the partnership was to get a high number of arrests per sting to attract more donations for OUR. *Id.*

The First Amended Complaint alleges that in July 2019, the WSP conducted a sting in Kitsap County. *Id.* at 7. It contends that participants in the sting were employed by the WSP, that "other law enforcement personnel" were involved, and "there may have been other participates [sic] present that has [sic] not been disclosed by Defendants." *Id*.

1    The First Amended Complaint alleges that the Plaintiff and Defendant Rodriguez (posing
2 as an online female persona) engaged in online chats. *Id.* at 8.  It alleges that after the online
3 chat exchanges, on July 29, 2019, the Plaintiff traveled to Kitsap County to meet the female with
4 whom he thought he was talking, but was in actuality Defendant Rodriguez. Dkt. 72 at 9.  The
5 Plaintiff was arrested at the predetermined location and charged in Kitsap County, Washington
6 with "Rape of a Child 2nd Degree – Attempt" (RCW 9A.28.020) and "Communications with a
7 Child for Immoral Purposes" (RCW 9.68A.090).  *Id.*

8    The First Amended Complaint asserts that "[a]s part of the agreement between OUR and
9 WSP, after persons were arrested in the Net Nanny stings, WSP and OUR went on a public
10 campaign specifically identifying those arrested . . . [as] 'Dangerous Sexual Predators who
11 targeted Children.'"  *Id.* at 8.  It alleges that after his arrest, WSP and OUR published press
12 releases on their websites listing the Plaintiff by name and referring to him as such.  *Id.* at 12.
13 The parties agree that OUR published the relevant press release on August 13, 2019.  Dkts. 73,
14 75 and 76.

15    The First Amended Complaint maintains that the Plaintiff had to hire a defense lawyer.
16 *Id.* at 12.  It asserts that Plaintiff's case was dismissed on February 3, 2021, but the online
17 statement that he was a "dangerous sex predator that targets children" remains on the internet.
18 *Id.*

19    On July 22, 2021, attorney Harold Karlsvik wrote OUR informing it that he represented the
20 Plaintiff regarding the July 2019 Net Nanny Sting Operation and requested that it "remove all
21 negative postings about [the Plaintiff] from [its] internet webpage or other social media."  Dkt.
22 75-1 at 58.  The letter indicated that a lawsuit was anticipated to be filed on/about July 27, 2021.
23 *Id.*  On August 12, 2021, OUR's attorney responded and indicated that it did not believe there
24

was merit to the Plaintiff's claims and it would not remove the content from its webpage or other social media.  Dkt. 75-1 at 65.

According to Franklin Wilson, a private investigator who worked on the Plaintiff's criminal case and with Mr. Karlsvik (Plaintiff's criminal and civil lawyer), on August 30, 2021, Mr. Karlsvik told him that he was sick with COVID-19 and was being airlifted to an intensive care unit in another hospital.  Dkt. 75-1.  Mr. Karlsvik, a sole partitioner, died on September 13, 2021.  *Id.*  Mr. Wilson maintains that the Plaintiff was informed of Mr. Karlsvik's death on September 16, 2021.  *Id.*

This case was filed by the Plaintiff, *pro se,* on September 27, 2021 in Thurston County Superior Court.  Dkt. 1-1.  It was removed to this Court on December 16, 2021.  Dkt. 1.  On January 24, 2022, counsel appeared for the Plaintiff.  Dkt. 10.  He makes a claim for defamation against OUR in the Amended Complaint.

## II.  DISCUSSION

### A.  MOTION TO STRIKE

OUR moves to strike the declaration of Franklin Wilson arguing that on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this extrinsic evidence should not be considered.  Dkt. 76.  The motion to strike (Dkt. 76) should be denied.  In order to fully consider all issues raised here, the extrinsic evidence should be considered.

### B.  STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### C. STATE SUBSTANTIVE LAW APPLIES

The Plaintiff's claim for defamation against OUR under Washington law is a pendent state law claim. "Federal courts apply the principles of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938), to pendent state law claims." *Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir. 1997). Under the rule of *Erie*, federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). State statutes of limitation are considered are substantive law for *Erie* purposes. *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 108–09 (1945). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

### D. STATUTE OF LIMITATIONS

The statute of limitation for a claim for defamation under Washington law is two years. RCW § 4.16.100(1).

The parties agree that the alleged defamatory statement was published on August 19, 2019. The Plaintiff's lawyer wrote OUR asking that it remove the allegedly defamatory

statements on July 22, 2021.  Dkt. 75.  Under RCW 7.96.040(5) and 7.96.070(1), the Plaintiff asserts that the statute of limitations was tolled for an additional 30 days, to August 21, 2021 and that OUR's response further extended the statute of limitations to September 12, 2021.  *Id.*  The Plaintiff filed his complaint over two years later, on September 27, 2021.  Dkt. 1-1.  His claim is barred by the statute of limitations unless, as he urges (due to his attorney's unexpected death on September 13, 2021), the statute can be equitably tolled.

"Equitable tolling is a remedy, used sparingly, that allows an action to proceed when justice requires it, even though a statutory time period has elapsed." *Matter of Fowler*, 197 Wn.2d 46, 53 (2021).  "Federal courts must abide by a state's tolling rules, which are integrally related to statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).  Under Washington law, a statute of limitations may be equitably tolled in a civil suit when:

> (1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception has interfered with the plaintiff's diligent efforts, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations.

*Fowler v. Guerin*, 200 Wn.2d 110, 113 (2022).

The Plaintiff's claim for defamation should be dismissed as a matter of law because it is barred by the statute of limitations and is not subject to equitable tolling.  The Plaintiff has failed to point to any evidence supporting the second tolling requirement.  He has not demonstrated that OUR engaged in "bad faith, false assurances, or deception" that interfered with his "diligent efforts" to pursue his defamation claim.  In August of this year, the Washington State Supreme Court reiterated that "proof of both predicates is necessary to justify equitable relief." *Fowler* at 508.  "In the absence of bad faith, [false assurances or deception] on the part of the defendant *and*

reasonable diligence on the part of plaintiff, equity cannot be invoked." *Id.* (*emphasis in original*).  The Plaintiff's claim for defamation against OUR should be dismissed with prejudice.  The Court need not reach OUR's other arguments for dismissal.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Operation Underground Railroad, Inc.'s motion to strike (Dkt. 76) **IS DENIED**; and

- Operation Underground Railroad, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 73) **IS GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of December, 2022.

*(signature)*
ROBERT J. BRYAN
United States District Judge